IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO. 4:25-cr-00226-ALM-BD-1 |
| § | |
| WILLIAM CALEB ELLIOTT § | |

**ORDER**

The government filed an unopposed motion for leave to file a motion for a protective order under seal. Dkt. 17. It seeks leave to file the motion for a protective order, Dkt. 18, under seal because "the discovery in the subject case contain[s] personal identifying details about the victims," Dkt. 17 at 1.

As the court has explained before, more is required. *See, e.g.*, *United States v. Young*, No. 4:25-CR-00040-SDJ-BD, 2025 WL 1119692 (E.D. Tex. Mar. 20, 2025). "Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). For that reason, "sealing information placed in the judicial record" is "heavily disfavor[ed]." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). There are, of course, good reasons to seal some court documents—such as when public disclosure of "sensitive information . . . could endanger lives or threaten national security." *Binh Hoa Le*, 990 F.3d at 417. But before ordering a document sealed, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

The motion does not explain how sealing the motion for a protective order would prevent the disclosure of sensitive information or why the government's interest in preventing disclosure of the contents of that motion outweighs the public's right of access. The court has reviewed the motion for a protective order and is unsure of what, if any, language in it would properly be sealed. The parties are cautioned to avoid "equating the standard for keeping unfiled discovery confidential" with the "far more arduous" "standard for placing filed materials under seal." *Binh Hoa Le*, 990 F.3d at 420.

It is **ORDERED** that the government file, within 14 days of the date of this order, a statement in support of its motion to file the document at issue, Dkt. 18, under seal. The statement should discuss the applicable law on sealing, articulate the basis or bases for the sealing requests, and identify the particular part or parts of the filing that, in its view, should be sealed. *See Binh Hoa Le*, 990 F.3d at 419 (calling for "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure"). Any response is due seven days after the government files its statement in support of the motion to seal.

Alternatively, if the government determines that sealing the motion for a protective order is not necessary or would not be appropriate under the governing legal standard, it should move to withdraw its motion to seal. *See United States v. Young*, No. 4:25-CR-00040-SDJ-BD, Dkt. 30 (April 10, 2025, order granting the government's motion to withdraw its motion to file a protective order under seal, Dkt. 27, in a similar case). In that event, the government should file a proposed protective order that may be properly filed on the public docket.

So **ORDERED** and **SIGNED** this 5th day of December, 2025.

_____
Bill Davis
United States Magistrate Judge